# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JEFF ADKINS,**
**Claimant Below, Petitioner**

**FILED**

May 16, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 11-1221** (BOR Appeal No. 2045572)
(Claim No. 2009074286)

**PRITCHARD ELECTRIC COMPANY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jeff Adkins, by Stephen New, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Pritchard Electric Company, Inc., by Lynn C. Photiadis, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 25, 2011, in which the Board affirmed a January 21, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 13, 2009, order. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Jeff Adkins was working as a journeyman electrician for Pritchard Electric Company, Inc. on December 17, 2008 when he stepped off an elevator that was not level with the floor while carrying a piece of aluminized pipe approximately six feet in length. When Mr. Adkins stepped off the elevator he twisted, inverted his right ankle and fell landing on his knee, elbow and shoulder. Mr. Adkins's claim was found compensable for right ankle sprain, right shoulder sprain, right shoulder contusion, right elbow contusion, and right knee contusion. By order of the claims administrator on May 13, 2009, Mr. Adkins was awarded 2% permanent partial disability. Mr. Adkins appealed that award.

1

On April 7, 2009, Mr. Adkins was evaluated by Dr. P. B. Mukkamala, who used the American Medical Association's Guide to the Evaluation of Permanent Impairment, (4th Edition, 1993), to determine range of motion and percent of impairment. Based upon Mr. Adkins's strange complaints, the doctor perceived that Mr. Adkins had exaggerated his illness and there was some degree of symptom magnification. Dr. Mukkamala found that Mr. Adkins had reached maximum medical improvement with 2% whole person impairment.

On August 26, 2009, Mr. Adkins was evaluated by Dr. Poletajev, who found Mr. Adkins to have 3% elbow impairment, 8% shoulder impairment, 20% upper extremity impairment for loss of grip strength for a total of 17% whole person impairment for his right upper extremity injury. Also, Dr. Poletajev found the claimant had 13% whole person impairment for his right knee and 7% whole person impairment for his right ankle. Dr. Poletajev also, reported that the claimant had no antalgic gait but had a 4% flexion contracture.

On August 24, 2010, Mr. Adkins was evaluated by Dr. Ranavaya, who found Mr. Adkins had normal limits for range of motion in both upper extremities, no muscle weakness or sensory loss in the his upper and lower extremities, and no grip strength loss. Dr. Ranavaya recommended that Mr. Adkins had no impairment.

The Office of Judges noted that significant weight was given to the findings of Dr. Mukkamala and Dr. Ranavaya; both doctors found no atrophy, no sensory loss and no muscle weakness in claimant's lower right extremity and both concluded that Mr. Adkins had no impairment in his right lower extremity. The Office of Judges found that Dr. Poletajev's findings that Mr. Adkins had 4% flexion contracture but no antalgic gait to be inconsistent, therefore, less weight was given to Dr. Poletajev's findings of impairment in Mr. Adkins's right lower extremity. The Office of Judges determined that a preponderance of the evidence established that Mr. Adkins has no right lower extremity impairment as a result of this compensable injury.

The Office of Judges found Dr. Mukkamala's findings to be more consistent with the American Medical Association's Guide to the Evaluation of Permanent Impairment, for the Mr. Adkins's right elbow and right shoulder than those of Dr. Ranavaya and Dr. Poletajev. Dr. Mukkamala found Mr. Adkins to be 2% impaired for his right shoulder and no impairment for his elbow. Dr. Ranavaya found no impairment. Dr. Poletajev found the claimant to have 3% elbow impairment, 8% shoulder impairment, 20% upper extremity impairment for loss of grip strength for a total of 17% whole person impairment for his right upper extremity injury. The Office of Judges noted that the medical documentation of record does not support Dr. Poletajev's contention that Mr. Adkins has 20% grip loss. The Office of Judges stated, "…that one must conclude that the consistencies between Dr. Ranavaya and Dr. Mukkamala better supports a conclusion that the preponderance of evidence reflects that the claimant would have a 2% right shoulder impairment…as compared to the 17% whole person impairment found by chiropractor Poletajev."

The Office of Judges, also noted, that Dr. Mukkamala and Dr. Ranavaya both determined that Mr. Adkins had symptom magnification and some type of exaggerated illness behavior. The

Office of Judges determined that a preponderance of the evidence established that Mr. Adkins has 2% upper extremity impairment for his right shoulder and no impairment for his right elbow, for a total 2% whole person impairment for this compensable injury. The Board of Review reached the same reasoned conclusion in its decision of July 25, 2011. We agree with the reasoning and conclusions of the Office of Judges and the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 16, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

3